IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>CLIFFORD J. HALVERSON,<br><br>               Defendant. | 8:24–CR–27<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY** |

      This matter is before the Court on the magistrate judge's Findings and Recommendation, Filing 21, recommending that the Court accept Defendant's plea of guilty. There are no objections to the Findings and Recommendation. However, the Court declines to adopt the findings and recommendation at this time.

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. The change of plea hearing transcript states that the defendant was advised that he "could receive a maximum term of prison of four years[.]" Filing 26 at 9.[1] The magistrate judge went on to say that "there is a mandatory minimum of 15 years." Filing 26 at 9. The advisement that the maximum term of prison of four years was a misstatement. The defendant pleaded guilty to Count III of the Indictment, which charges a violation of 18 U.S.C. § 2252(a)(2). The maximum term of imprisonment the defendant could receive for this charge is not four years but forty years. See 18 U.S.C. § 2252(b)(1) (providing that where the defendant has a prior conviction for a sex offense against a minor, the maximum term of imprisonment for violating 18 U.S.C. § 2252(a)(2) is 40 years). Under Federal Rule of Criminal Procedure 11(b)(1)(h), before a guilty plea can be accepted, the defendant must be informed of "any maximum possible penalty,

---

[1] The Court also listened to the audio of the change of plea hearing to determine whether this was a transcription error, but it does appear that the magistrate judge said "four" years instead of "forty."

including imprisonment[.]" Because the defendant was not notified of the 40-year maximum term of imprisonment for violating 18 U.S.C. § 2252(a)(2), the Court declines to accept Defendant's guilty plea at this time.

The Court will hold the matter in abeyance for now and address it with the parties at the hearing presently scheduled for September 11, 2024. The Court will then decide whether Defendant's plea of guilty should be accepted and whether the matter should proceed directly to sentencing. Counsel should be prepared to address this issue at the hearing on September 11, 2024. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation, Filing 21, is held in abeyance;

2. This matter will be addressed at the hearing on September 11, 2024; and

3. This case shall provisionally proceed to sentencing.

Dated this 17th day of July, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge